UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH M. SPARKS,

           Petitioner,

v.

UNKNOWN,

           Respondent.

Case No. C08-5484RJB

REPORT AND RECOMMENDATION

Noted for December 5, 2008

On August 1, 2008, the Court received the underlying Petition, submitted pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. After reviewing the petition and the remaining record, the undersigned submits the following report and recommendation.

## DISCUSSION

As noted above, petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Subsequently, this court reviewed the petition, but refused to serve the petition because (1) Petitioner has not filed an application to proceed in forma pauperis or paid the filing fee ($5.00), (2) petitioner had not named a proper respondent and (3) it did not appear petitioner was "in custody" as contemplated by the writ of habeas corpus statute. *See* Doc. 5.

In its order the court explained to Petitioner that in order to avoid dismissal an application to proceed *in forma pauperis* needed to be filed or the filing fee paid. The court further explained that the Petitioner must name a proper respondent in his petition and the facts alleged were confusing with respect

to the basis for Petitioner's current custody. The court granted Petitioner until November 10, 2008, to address these deficiencies.

On October 28, Petitioner sent a letter to the clerk, which partially responded to the court's order. Petitioner has not filed an application to proceed *in forma pauperis*, nor has he submitted the filing fee ($5.00).

Petitioner has not provided the name of a proper defendant. Rule 2(a) of the Rules Governing Section 2254 cases in the United States District Court states:

> **(a)  Applicants in present custody.** If the applicant is presently in custody pursuant to the state judgment in question, the application shall be in the form of a petition for a writ of habeas corpus in which the state officer having custody of the applicant shall be named as respondent.

Accordingly, a petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)(citations omitted). In this case, petitioner erroneously named the State of Washington, not an individual, as respondent

Finally, Petitioner has failed to explain the confusing nature of his current basis for custody. It appears he was arrested or convicted on January 19, 2007. He plead guilty to a felony charge of harassment, and on February 13, 2007, he was sentenced to serve twelve months and one day in prison. Petitioner now alleges he was released earlier than his February 12, 2008, release date, and almost immediately was "violated" and brought back to prison. It appears he was released with certain conditions to which Petitioner failed to comply. Nevertheless, Petitioner fails to clearly state the basis for his current custody, and more significantly, it further appears that whatever basis that is being challenged has not been properly exhausted.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S.

270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Picard v. Connor, 404 U.S. 270 (1971); Anderson v. Harless, 459 U.S. 4 (1982).

## CONCLUSION

Petitioner has failed to pay the filing fee or file an application to proceed in forma pauperis. Petitioner has also failed to name a proper respondent. Petitioner has failed to explain the basis for his custody, and it does not appear that he has exhausted his claims challenging his current custody. For these reasons, the Court should dismiss this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 5, 2008**, as noted in the caption.

DATED this 12th day of November 2005.

    */s/ J. Kelley Arnold*
    J. Kelley Arnold
    United States Magistrate Judge